UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
YISROEL BRUCK, individually and on behalf
of a class                                                              Case No._____
Plaintiff,



ABSOLUTE RESOLUTIONS INVESTMENTS, LLC;
and  FORSTER & GARBUS, LLP
Defendants.
 -------------------------------------------------------X


# INTRODUCTION AND BACKGROUND FACTUAL INFORMATION


1.      Plaintiff, Yisroel Bruck, brings this class action lawsuit against Absolute Resolutions Investments, LLC ("ARI") and Forster & Garbus, LLP ("F&G") for violating the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

2.      On March 18, 2019, F&G at the direction of ARI mailed Plaintiff a collection notice required by the FDCPA Section "g". See attached- Exhibit A.

3.      The purpose of the collection notice was to obtain payment from Plaintiff for failing to pay credit charges arising from expenses for personal, family, or household purposes.

4.      The notice suggested the current creditor was ARI and the previous creditor was 1ST NATL BANK OF OMAHA.

5.  The name of the original creditor was First Bankcard not First National Bank of Omaha.

6.  On May 9, 2019 Defendants signed a complaint eventually filed in the Supreme Court of Rockland County which stated that the credit card account was originally owned by First National Bank of Omaha. See attached-Exhibit B.

7.  On June 6, 2019, in a response to Plaintiff's request for information, Defendant falsely stated that the original creditor was 1st Natl Bank of Omaha when it is really First Bankcard. See attached- Exhibit C.

8.  On an August 6, 2019 notice to Plaintiff from Defendants, Defendants wrote that the original creditor was First National Bank of Omaha. See attached- Exhibit D.

## JURISDICTION AND VENUE

9.  This Court has jurisdiction under 15 U.S.C. § 1692(k) (FDCPA).

10. Venue in this District is proper because a substantial part of the events leading to this lawsuit occurred within this district.

## PARTIES

11.     Defendant, "F&G" is a New York law firm engaged in consumer debt collection.

12.     The Consumer Financial Protection Bureau recently sued F&G alleging that they had represented to consumers that attorneys were behind its lawsuits when in fact attorneys were not meaningfully involved.

https://www.consumerfinance.gov/policy-compliance/enforcement/actions/forster-garbus-llp/

13.     F&G is a "debt collector" as the FDCPA defines that term.

14.     ARI is an Arizona limited liability company and a "debt collector" as the FDCPA defines that term. https://absoluteresolutions.com/arc-story/

## COUNT I—FDCPA CLAIM AGAINST F&G and ARI

15.     Plaintiff incorporates all of the above paragraphs as though fully stated here.

16.     Defendants acted in concert with one another to commit the actions or inactions mentioned in this complaint.

17.     ARI is liable for the acts of F&G under regular agency principals.

18.     § 1692e provides 16 specific prohibited categories of unlawful conduct preceded by a statement that "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."

19. Defendants violated 1692e(3) by falsely representing that an attorney was meaningfully involved in the lawsuit that it filed against Plainitff.

20. Defendants violated 1692e(10) by falsely representing the name of the original creditor.

21. Defendants violated 1692g by failing to provide the correct name of the original creditor despite Plaintiff's request for it.

22. And in fact, Defendants provided the false name of Plaintiff's creditor. For these reasons, plaintiff requests that the Court enter judgment in his favor and against F&G for:

(1) Appropriate statutory damages;

(2) Litigation expenses, attorney's fees and costs of suit;

(3) Such other or further relief as the Court considers proper.

## **CLASS ALLEGATIONS**

23. Plaintiffs sue under FRCP 23(a); and FRCP 23(b)(3) and on behalf of himself and three classes of individuals.

24. The first class consists of:

All individuals with a New York State address where F&G filed a collection action against a consumer seeking to collect a consumer debt or after a date one year before the filing of this action.

25. The second class consists of:

All individuals with a New York State address where F&G filed a collection action on behalf of ARI against a consumer seeking to collect a consumer debt or after a date one year before the filing of this action.

26. The third class consists of:

All individuals with a New York State address where a letter was mailed on ARI's behalf to a consumer seeking to collect a consumer debt where the original creditor was listed as First National Bank of Omaha when the statements or account agreement listed First Bankcard as the original creditor on or after a date one year before the filing of this action.

27. The fourth class consists of:

All individuals with a New York State address where F&G mailed a letter to a consumer seeking to collect a consumer debt where the original creditor was listed as First National Bank of Omaha when the statements or account agreement listed First Bankcard as the original creditor on or after a date one year before the filing of this action.

28. Numerosity: Each class is so numerous that joinder of all class members is impracticable. Plaintiff is unable to allege at this time the exact number of class members, but Plaintiff believes that there are at a minimum hundreds of Class Members. Plaintiff believes that Defendants' records maintained in the ordinary course of business will readily reveal the exact number of class members.

29. Commonality: This action presents material questions of law and fact common to the Classes. Such questions include but are not limited to-

Is listing First National Bank of Omaha instead of First Bankcard as the original creditor false or deceptive under the FDCPA?

Does F&G meaningfully review Complaints before filing them?

30. Typicality: Plaintiffs' claims are typical of the claims of other members of each Class, as Plaintiff and other members of the Class suffered the same type of harm arising out of Defendants' collection attempts.

31. Adequate Representation: Plaintiff will fairly and adequately represent and protect the interests of each Class. He has retained counsel competent and experienced in complex class actions. Plaintiff is a member of each Class, Plaintiff has no interest antagonistic to any other members of each Class, and Defendants have no defenses unique to Plaintiff.

32. Predominance: The questions of law or fact common to each Class Members predominate over any questions affecting only individual members. Defendants'

conduct can be discovered with no need for participation by individual Class Members. Similarly, this Court's determination of law can be made with no need for participation by individual Class Members. Each Class's claims present no issues of causation or reliance unique to individual class members.

33. Superiority: A class action is superior to all other methods for the fair and efficient adjudication of this controversy. This action presents textbook facts and circumstances for the conduct of a class action to afford each individual Class Member a fair and efficient manner by which to prosecute his or her common claims and, likewise, a fair and efficient manner by which Defendants may defend such claims.

34. Individual prosecution of this matter in separate actions is not desirable as each Class Member's damages likely is in the hundreds of dollars and they will need to incur nearly the same investment to prosecute their individual case as plaintiff here will incur to prosecute this case. The interests of individual Class Members are overwhelmingly best served by the conduct of a class action.

35. Individual litigation of this matter would unduly increase expenses to all parties and prolong efficient adjudication given the expected size of the class.

36. Class membership is readably identifiable from Defendants' records that they maintain such as name, social security number, last known address and other identifying data.

Thus, plaintiff requests that the Court certify each class and enter judgment in his favor and the class's favor and against ARI and F&G for:

(1)  Certifying each class identified above;

(2)  Statutory damages of $1,000 per the FDCPA;

(3)  Litigation expenses, attorney's fees and costs of suit;

(4)  Such other or further relief as the Court considers proper.

**JURY TRIAL DEMAND**

Plaintiff demands a jury on all issues so triable.

DATED this 5th day of September 2019.

 Respectfully submitted,

By: /s/ Shimshon Wexler
The Law Offices of Shimshon Wexler, PC
216 West 104th St., #129
New York, New York 10025
(212) 760-2400
(917) 512-6132 (FAX)
swexleresq@gmail.com