UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X     Case No. 7:19-cv-08262
YISROEL BRUCK, individually and on
behalf of a class

**FIRST AMENDED CLASS
ACTION COMPLAINT**

           Plaintiff,

   v.

FORSTER & GARBUS, LLP;
and ABSOLUTE RESOLUTIONS
INVESTMENTS, LLC

           Defendants.
------------------------------------------------------X

     Yisroel Bruck ("Plaintiff") by and through his attorneys hereby amends his complaint and

alleges as follows:

## INTRODUCTION

1. Plaintiff, on his own behalf and on behalf of the classes he seeks to represent, brings this

   action to secure redress for the deceptive acts and debt collection practices utilized by

   Forster & Garbus, LLP ("F&G") and Absolute Resolutions Investments, LLC ("ARI")

   (collectively the "Defendants") in connection with their attempts to collect alleged debts

   from the Plaintiff and others similarly situated.

2. Plaintiff alleges that Defendants' collection practices violated the Fair Debt Collection

   Practices Act, 15 U.S.C. §1692 *et seq*. ("FDCPA").

3. The FDCPA broadly regulates communications in connection with debt collection;

   conduct which harasses, oppresses or abuses any debtor; any false, deceptive or

   misleading statements, in connection with the collection of a debt; prohibits unfair or

   unconscionable collection methods; and requires certain disclosures. 15 U.S.C. §§1692c

   1692d, 1692e, 1692f, 1692g.

4. The FDCPA is a strict liability statute which provides for actual or statutory damages upon the showing of a single violation. *See* <u>Bentley v Great Lakes Collection Bureau</u>, 6 F.3d 60, 62-63 (2d Cir. 1993).

## JURISDICTION AND VENUE

5. This Court has jurisdiction over Plaintiff's FDCPA claim pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

6. Venue and personal jurisdiction in this District are proper because:

    a. The acts giving rise to this lawsuit occurred within this District; and

    b. Defendants do business within this District.

## PARTIES

7. Plaintiff, Yisroel Bruck, is an individual natural person who at all relevant times resided in the City of Suffern, County of Rockland, State of New York.

8. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

9. Forster & Garbus, LLP is a New York limited liability partnership engaged in business of collecting consumer debts with its principal place of business located at 60 Motor Parkway Commack, NY 11725.

10. The principal purpose of F&G is the collection of debts using the mail and telephone.

11. F&G regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

12. F&G is licensed as a Debt Collection Agency with the NYC Department of Consumer Affairs.

13. F&G is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

14. Absolute Resolutions Investments, LLC is an Arizona Delaware limited liability company, with its principal place of business located at 8000 Norman Center Drive – Suite 350 Bloomington, MN 55437.

15. ARI is a purchaser of defaulted consumer debt.

16. ARI's business model is to pay less than ten cents on the dollar for a defaulted debt and then seek to collect the full amount.

17. Part of ARI's collection practices includes filing lawsuits against New York residents seeking to collect debts that ARI allegedly purchased after the debts went into default.

18. The principal purpose of ARI is the collection of debts using the mail and telephone.

19. Debt collection is the principal purpose of ARI's business.

20. ARI has no principal purpose other than the purchasing and collecting of defaulted debt.

21. The purchasing and collecting of defaulted debt are ARI's only business.

22. ARI exists solely for the purpose of purchasing and then seeking to collect defaulted debt.

23. ARI does not offer or extend credit, it only purchases defaulted debt and then attempt to collect said debt.

24. ARI's website describes the company as a buyer of defaulted consumer debt stating in relevant part, "Since its inception in 2001, Absolute Resolutions Corp. has specialized in the purchase and recovery of distressed consumer receivables…"
*See* https://absoluteresolutions.com/arc-story/ (last visited March 25, 2020).

25. ARI is licensed as a Debt Collection Agency with the NYC Department of Consumer Affairs.

26. ARI is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

## <u>FACTS</u>

27. Sometime prior to September 1, 2018, Plaintiff allegedly incurred a financial obligation to First Bankcard related to a personal credit card issued by First Bankcard in the Plaintiff's name (the "Debt"). The Debt was given an account number by First Bankcard and the last four numbers of the account were 7421.

28. The Debt arose out of a transaction in which the money, property, insurance or services which were the subject of the transaction were primarily for personal, family or household purposes, namely fees emanating from a personal credit card account in the Plaintiff's name.

29. The personal credit card account with First Bankcard was not opened by Plaintiff for business purposes.

30. The personal credit card account with First Bankcard was not used by Plaintiff for business purposes.

31. Plaintiff's personal credit card account Debt to First Bankcard is a "debt" as defined by 15 U.S.C. §1692a(5).

32. The alleged Debt went into default because of non-payment.

33. After the alleged Debt went into default pursuant to the terms of the agreement creating the Debt the Debt was allegedly sold to ARI.

34. The Debt was in default when it was allegedly purchased by ARI.

35. ARI claims it purchased the defaulted Debt and is now the entity to whom the Debt is owed.

36. After ARI allegedly purchased the Debt they referred the Debt to F&G in order for F&G to attempt to collect the Debt.

37. Defendants contend that the Debt is past-due.

38. Defendants contend that the Debt is in default.

39. The Debt was past due at the time it was referred to F&G by ARI for collection.

40. The Debt was in default pursuant to the terms of the agreement creating the Debt at the time it was referred to F&G by ARI for collection.

41. At all times relevant hereto, Defendants acted in an attempt to collect the Debt.

42. On March 18, 2019, F&G, at the direction of ARI, mailed Plaintiff a letter (the "Letter"). *See* Doc 6-1, page 1 of 4.

43. The Letter was mailed to Plaintiff by F&G at the direction and request of ARI.

44. Defendants mailed Plaintiff the Letter as a part of their efforts to collect the Debt.

45. Plaintiff received the Letter in the mail.

46. Plaintiff read the Letter upon receipt of the letter in the mail.

47. The Letter was sent in connection with the collection of the Debt.

48. The Letter seeks to collect the Debt.

49. The Letter conveyed information regarding the Debt including the Balance, F&G Reference Number and a request for payment.

50. The Letter is a "communication" as that term is defined by 15 U.S.C. §1692a(2).

51. Defendants did not communicate with the Plaintiff in any way prior to mailing the Letter.

52. The collection complaint's use of the name First National of Omaha instead of First Bankcard demonstrates Defendant's haste, slipshodness, lack of review and automatic processes

53. In an attempt to collect the Debt, F&G commenced an action ("Collection Action") against Plaintiff by filing a complaint  ("Collection Complaint") on May 9, 2019 in the

Superior Court of the State of New York, County of Rockland entitled "Absolute Resolutions Investments, LLC v. Yisroel Bruck" and designated in that court by Index No. 033745/2019. *See* Doc 6-1, page 2 of 4.

54.  The Collection Complaint stated that the credit card account was originally owned by First National Bank of Omaha. *See* Doc 6-1, page 2 of 4.

55. The signature line of the Collection Complaint lists four attorneys' names.

56. By signing the Collection Complaint, the attorneys at F&G certified that they read the Collection Complaint and that, "to the best of their ... knowledge, information, and belief, formed after an inquiry reasonable under the circumstances" that the complaint has merit.

57. The attorneys at F&G sign so many complaints that it is either physically impossible or so highly improbably that they read the Collection Complaint or made a sufficient inquiry from which to conclude that the factual allegations have evidentiary support. Therefore, F&G on behalf of ARI made false representations to collect or attempt to collect the Debt.

58. The Consumer Financial Protection Bureau ("CFPB") filed a lawsuit against F&G for failing to meaningfully review debt complaints prior to filing them (the "CFPB Complaint"). *See* Exhibit A to the First Amended Complaint.

59. Pursuant to Federal Rule of Civil Procedure 10(c), Plaintiff incorporates paragraphs 1-3 and 8-46 of the CFPB Complaint as though fully stated herein.

## <u>COUNT I—FDCPA CLAIM AGAINST F&G and ARI</u>

60. Plaintiff incorporates all of the above paragraphs as though fully stated here.

61. Defendants acted in concert with one another to commit the actions mentioned in this complaint.

62. ARI is liable for the acts of F&G under regular agency principals.

63. § 1692e provides 16 specific prohibited categories of unlawful conduct preceded by a statement that "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."

64. Defendants violated 1692e(3) by falsely representing that an attorney was meaningfully involved in the lawsuit that it filed against Plaintiff.

65. The Consumer Financial Protection Bureau recently sued F&G alleging that they had represented to consumers that attorneys were behind its lawsuits when in fact attorneys were not meaningfully involved. https://www.consumerfinance.gov/policy-compliance/enforcement/actions/forster-garbus-llp/

66. Plaintiff incorporates paragraphs 1-3 and 8-46 of the CFPB complaint into this complaint.

67. First National Bank of Omaha has stated in an affidavit unequivocally that "the original agreement and document evidencing the creation of [Plaintiff's] Account is lost or destroyed."

68. Despite this, Defendants filed a summary judgment motion in the collection action claiming that they were in possession of the original agreement.

69. This contradicts First National Bank of Omaha's assertion that the agreement was lost or destroyed.

70. Plaintiff would not have been able to determine if defendants were trying to scam him into paying a debt that they did not own because they provided false information as to the name of the original creditor.

71. On the collection complaint there were names of 4 lawyers underneath the signature line on the collection complaint- Valerie E. Watts, Michael Digiaro, Tess E Gunther and Tarah Jordan.

72. There is what looks like an initialing of the collection complaint above the signature line.

73. The collection complaint gives off the impression that 4 lawyers have reviewed the collection complaint.

74. Upon information and belief, all 4 lawyers did not even see the collection complaint or were made aware of the collection complaint prior to it being filed.

75. Upon information and belief, the one lawyer who did initial the collection complaint did not read every word of the collection complaint, did not participate in the preparation of the collection complaint and was not aware of the affidavit of a First National Bank of Omaha's employee which stated that there was no original creditor agreement in existence.

76. During Plaintiff's entire relationship with First Bankcard, he was instructed to make payments to First Bankcard.

77. The way the credit card agreement reads is an agreement between Plaintiff and "First Bankcard (a division of First National Bank of Omaha)."

For these reasons, plaintiff requests that the Court enter judgment in his favor and against Defendants for:

      (1)     Appropriate statutory damages;

      (2)     Litigation expenses, attorney's fees and costs of suit;

      (3)     Such other or further relief as the Court considers proper.

## CLASS ALLEGATIONS

78. Plaintiff sues under FRCP 23(a); and FRCP 23(b)(3) and on behalf of himself and three classes of individuals.

79. The first class consists of: All individuals with a New York State address where F&G filed a collection action against a consumer seeking to collect a consumer debt or after a date one year before the filing of this action.

80. The second class consists of: All individuals with a New York State address where F&G filed a collection action on behalf of ARI against a consumer seeking to collect a consumer debt or after a date one year before the filing of this action.

81. Numerosity: Each class is so numerous that joinder of all class members is impracticable. Plaintiff is unable to allege at this time the exact number of class members, but Plaintiff believes that there are at a minimum hundreds of Class Members. Plaintiff believes that Defendants' records maintained in the ordinary course of business will readily reveal the exact number of class members.

82. Commonality: This action presents material questions of law and fact common to the Classes. Such questions include but are not limited to-

Does F&G meaningfully review Complaints before filing them?

83. Typicality: Plaintiffs' claims are typical of the claims of other members of each Class, as Plaintiff and other members of the Class suffered the same type of harm arising out of Defendants' collection attempts.

84. Adequate Representation: Plaintiff will fairly and adequately represent and protect the interests of each Class. He has retained counsel competent and experienced in complex class actions. Plaintiff is a member of each Class, Plaintiff has no interest antagonistic to any other members of each Class, and Defendants have no defenses unique to Plaintiff.

85. Predominance: The questions of law or fact common to each Class Members predominate over any questions affecting only individual members. Defendants' conduct can be discovered with no need for participation by individual Class Members. Similarly, this Court's determination of law can be made with no need for participation by individual Class Members. Each Class's claims present no issues of causation or reliance unique to individual class members.

86. Superiority: A class action is superior to all other methods for the fair and efficient adjudication of this controversy. This action presents textbook facts and circumstances for the conduct of a class action to afford each individual Class Member a fair and efficient manner by which to prosecute his or her common claims and, likewise, a fair and efficient manner by which Defendants may defend such claims.

87. Individual prosecution of this matter in separate actions is not desirable as each Class Member's damages likely is in the hundreds of dollars and they will need to incur nearly the same investment to prosecute their individual case as plaintiff here will incur to prosecute this case. The interests of individual Class Members are overwhelmingly best served by the conduct of a class action.

88. Individual litigation of this matter would unduly increase expenses to all parties and prolong efficient adjudication given the expected size of the class.

89. Class membership is readably identifiable from Defendants' records that they maintain such as name, social security number, last known address and other identifying data.

WHEREFORE, Plaintiff requests that the Court certify each class and enter judgment in his favor and the class's favor and against ARI and F&G for:

(1)    Certifying each class identified above;

(2)    Statutory damages for the Plaintiff and all class members per the FDCPA;

(3)    Litigation expenses, attorney's fees and costs of suit;

(4)    Such other or further relief as the Court considers proper.

## JURY TRIAL DEMAND

Plaintiff demands a jury on all issues so triable.

DATED this 27th day of March 2020.

Respectfully submitted,

By: s/ Shimshon Wexler
216 West 104th St., #129
New York, New York 10025
(212) 760-2400
(917) 512-6132 (FAX)
swexleresq@gmail.com